UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ALAN JOSUE RUIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:16-cv-00228-TWP-TAB |
| | ) |
| JAY THOMAS Corporal, *et al.* | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff's request to proceed *in forma pauperis* (dkt 3) is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The court will direct the further development of any claim which is not dismissed on this basis. The parties will be notified when this determination has been made.

The plaintiff is a prisoner currently incarcerated at the Clark County Jail ("the Jail"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard

as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II.

The plaintiff alleges that on September 22, 2016, Corporal Jay Thomas and Officer Brown came to the plaintiff's cell and assaulted him because of his race. Specifically, the plaintiff was knocked to the ground, punched, kicked and suffocated while he was held by other officers on the floor and called a "dirty-Mexican." The plaintiff was then taken near the booking area where Sgt. Price and other officers harassed him by tightening his restraints and calling him names over the course of several hours.

Given the foregoing, the following claims **shall proceed**:

Defendants Corporal Jay Thomas, Officer Brown and Sgt. Price allegedly subjected the plaintiff to excessive force while a pretrial detainee in violation of the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473-74 (2015) (stating "a pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose.").

Defendants Corporal Jay Thomas, Officer Brown and Sgt. Price allegedly discriminated against the plaintiff by targeting him for abuse because of his race or national origin in violation of the Equal Protection Clause. *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995) ("A

person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual.") (internal quotation omitted).

### III.

The clerk is **designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants (1) Corporal Jay Thomas, (2) Officer Brown and (3) Sgt. Price in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Date: 12/19/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ALAN JOSUE RUIZ
7270
CLARK COUNTY JAIL
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, IN 47130

Corporal Jay Thomas
CLARK COUNTY JAIL
501 East Court Avenue
Jeffersonville, IN 47130

Officer Brown
CLARK COUNTY JAIL
501 East Court Avenue
Jeffersonville, IN 47130

Sgt. Price
CLARK COUNTY JAIL
501 East Court Avenue
Jeffersonville, IN 47130